<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALVARO OROZCO ALFONSO,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>LUIS SOTO, *et al.*,<br><br>　　　　Respondents | No. 25cv17371 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

　　This matter comes before the Court on Petitioner Alvaro Orozco Alfonso's Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he challenges his detention by immigration authorities without a bond hearing. D.E. 1 ("Petition" or "Pet."). On November 13, 2025, Petitioner filed a Motion for Temporary Restraining Order or for Immediate Release. D.E. 3 ("Motion" or "Mot.").

　　On November 14, 2025, at 1:00 PM, the Court held a teleconference with the parties regarding Petitioner's Motion. For the reasons explained below, the Court **GRANTS** the Motion, and in turn, will provide the Government an extension of time to file an answer to the Petition.

**I.　BACKGROUND**

　　During the teleconference, it was determined that the following facts asserted in the Petition are undisputed by the parties.

　　Petitioner entered the United States without inspection on approximately November 22, 2021, and was detained by immigration officials near the border. Pet. ¶ 21. On December 7, 2021, Petitioner was issued a Notice of Custody Determination indicating that he was being released. *Id.* ¶ 22 (citing D.E. 1-3, Ex. A ("Notice of Custody Determination")). After moving to New Jersey,

Petitioner filed an affirmative asylum application with U.S. Citizenship and Immigration Services ("USCIS").  *Id.* ¶ 22.  On June 16, 2025, USCIS sent Petitioner a Notice of Dismissal of his I-589 application.  *Id.* ¶ 25 (citing D.E. 1-4, Ex. B ("I-589 Notice of Dismissal")).  The I-589 Notice of Dismissal states that "records indicate that [Petitioner] [was] apprehended by [Homeland Security] officials, placed in expedited removal, and issued a Form I-860, Notice and Order of Expedited Removal.  *Id.*  Petitioner disputes having received an I-860 Notice and Order of Expedited Removal when he was processed near the border.[1]  *Id.*

USCIS later scheduled Petitioner for a credible fear interview, which was held on November 6, 2025.  *Id.* ¶ 26 (citing D.E. 1-5, Ex. C).  Petitioner was found to have a credible fear and was issued a Notice to Appear ("NTA") in immigration court.  *Id.*  Immigration officials also gave Petitioner a copy of an I-860 Notice and Order of Expedited Removal that was issued on November 24, 2021, but was not fully executed or served.  Mot. at 3 (citing D.E. 3-6, Ex. 3).  After the interview, Respondents detained Petitioner and transferred him to the Delaney Hall Detention Facility, where he remains detained as of this Order.  Pet. ¶ 28.  Petitioner has a humanitarian parole request pending before ICE/ERO.  D.E. 1-9, Ex. G. ("Parole Request").

Petitioner's daughter Paula Sofia is twenty-two years old.  Pet. ¶ 1; D.E. 1-6, Ex. D; D.E. 1-8, Ex. F.  According to a letter from St. Joseph's Children's Hospital (where Paula Sofia is being treated), Paula Sofia was diagnosed with leukemia in 2022 and underwent intensive treatment.  D.E. 1-6, Ex. D.  On September 12, 2025, Paula Sofia and Petitioner met with her medical providers and learned that she had relapsed.  *Id.*.  She has decided not to undergo any further treatment and is currently receiving palliative and hospice care.  *Id.*  Her doctors believe her life

---

[1] Respondents do not dispute that Petitioner has made this assertion, but at this time, do not have information to oppose it.

expectancy at this point is "likely days, weeks at most." D.E. 1-8, Ex. F at 2. Petitioner is his daughter's sole caretaker. Pet. ¶ 1.

## II.    DISCUSSION

In *Lucas v. Hadden*, the Third Circuit determined that the proper standard for a district court to exercise its inherent authority to admit a habeas petitioner to bail pending a ruling on the claims asserted in a habeas petition is a showing of "extraordinary circumstances." 790 F.2d 365, 367 (3d Cir. 1986); *see also Kolawole O.T. v. Ahrendt*, 466 F. Supp. 3d 457, 472 (D.N.J. 2020) (granting bail pending determination of habeas petition to noncitizen held in federal immigration detention); *Vale v. Sabol*, No. 15-2249, 2015 WL 8602751, at *4 (M.D. Pa. Dec. 14, 2015) (similarly applying *Lucas* to a immigration detainee seeking habeas relief in federal court). The petitioner bears the burden of proof to demonstrate extraordinary circumstances. *Deptula v. Lynch*, No. 15-2228, 2016 WL 98152, at *4 (M.D. Pa. Jan. 8, 2016). Courts must consider the merits of the claims raised in the petition and make two determinations: (1) whether the case presents exceptional circumstances which make the petitioner a proper candidate for bail; and (2) if the extraordinary circumstances "make the grant of bail necessary to make the habeas remedy effective." *Id.* (quoting *Mapp v. Reno*, 241 F.3d 221, 230 (2d. Cir. 2001).

As the Third Circuit expressly contemplated in *Lucas*, a habeas petitioner's poor health is not the only "extraordinary circumstance" to justify a grant of bail prior to disposition of the habeas petition. 790 F.2d at 367. Extraordinary circumstances may also "include medical considerations relating to the petitioner's health, family and medical needs." *Deptula*, 2016 WL 98152, at *4 (quoting *D'Alessandro v. Mukasey*, No. 08-914, 2009 WL 799957, at *3 (W.D.N.Y. Mar. 25, 2009), and *aff'd*, No. 08-914, 2009 WL 931164 (W.D.N.Y. Apr. 2, 2009) (citations omitted).

The Court has considered the merits of the Petition and finds the Petition has substantial merit. As the sole-caregiver to his daughter who is in hospice near the end of life, Petitioner has established extraordinary circumstances that justify release on bail pending determination of his petition. *See Sanchez v. United States*, No. 04-36, 2023 WL 144220, at *3 (S.D.N.Y. Jan. 10, 2023) (noting that, in the prisoner context, extraordinary circumstances may arise when the petitioner demonstrates that a family member depends exclusively on the petitioner's care). The habeas remedy, if it comes too late, comes at the cost of Petitioner's inability to provide his daughter with care at the end of her life, a cost that is too high when there is a likelihood Petitioner will be released upon determination of his petition. Accordingly,

**IT IS** on this **14th** day of November 2025,

**ORDERED** that the Court **GRANTS** the Motion, D.E. 3; and it is further

**ORDERED** that Respondents shall release Petitioner within **24 hours** of entry of this Order, subject to the same ICE reporting requirements in effect prior to Petitioner's arrest and detention on November 6, 2025; and it is further

**ORDERED** that the deadline for Respondents to file their Answer to the Petition is extended to December 5, 2025; and it is further

**ORDERED** that, Respondents shall file a letter on the docket on or before November 17, 2025, confirming Petitioner's release within the time set forth above.

_____
Evelyn Padin, U.S.D.J.